TIMOTHY COURCHAINE
~~RACHEL C. HERNANDEZ~~
~~Acting~~ United States Attorney
District of Arizona
NATHANIEL J. WALTERS
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: nathaniel.walters@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED

**Apr 02 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Hugo Acosta-Osorio,<br><br>　　　　Defendant. | CR-23-02118-RM (EJM)a<br><br>PLEA AGREEMENT |

The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

1. The defendant agrees to plead guilty to a felony Information, charging the defendant with a violation of Title 18, United States Code, Section 4, Misprision of a Felony.

The elements of the crime of misprision of felony are:

(a) the defendant had full knowledge of the commission of the felony;

(b) the defendant failed to notify the relevant authorities about the commission of the offense; and

(c) the defendant deliberately took an affirmative step to conceal the crime.

2. The defendant understands that the maximum penalty for the offense to which she is pleading is a fine of not to exceed $250,000.00, a term of imprisonment not

1  to exceed three (3) years, or both, and a period of not more than one (1) year supervised
2  release.

3  3. The defendant agrees to pay a fine unless the defendant establishes the
4  applicability of the exceptions contained in § 5E1.2(f) of the Sentencing Guidelines.

5  4. Pursuant to Title 18, United States Code, Section 3013(a), the defendant shall
6  pay a special assessment of $100.00. The special assessment is due and payable at the time
7  the defendant enters the plea of guilty, but in no event shall be paid later than the time of
8  sentencing unless the defendant is indigent. If the defendant is indigent, the special
9  assessment will be collected according to the provisions of Chapters 227 and 229 of Title
10 18, United States Code.

11 5. The defendant recognizes that pleading guilty may have consequences with
12 respect to his immigration status if defendant is not a citizen of the United States. Under
13 federal law, a broad range of crimes are removable offenses, including the offense(s) to
14 which defendant is pleading guilty. Removal and other immigration consequences are the
15 subject of a separate proceeding, however, and defendant understands that no one,
16 including defendant's attorney or the district court, can predict to a certainty the effect of
17 defendant's conviction on defendant's immigration status. Defendant nevertheless affirms
18 that he wants to plead guilty regardless of any immigration consequences that this plea may
19 entail, even if the consequence is defendant's automatic removal from the United States.

20 7. Sentencing Range: If the Court, after reviewing this plea agreement,
21 concludes any provisions are inappropriate, it may reject the plea agreement, giving the
22 defendant, in accordance with Rule 11(e)(4), Fed. R. Crim. P., an opportunity to withdraw
23 defendant's guilty plea.

24 9. Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the
25 government and the defendant stipulate and agree to a sentence of **time served**. Defendant
26 is to receive credit for all time he/she has served to date and shall be deducted from the

stipulated sentence. The government and the defendant reserve the right to withdraw from this agreement if the sentence is less or more than **time served**.

10. If the defendant moves for any adjustments in Chapters Two, Three, or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines, the government may withdraw from this agreement.

11. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

12. The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. *except a motion for compassionate release (EK)(HA)* The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel *or a claim for prosecutorial misconduct. (EK)(HA)*

13. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for

all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

14. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

(A) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(B) All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(C) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(D) All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

15. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

<u>WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS</u>

<u>Waiver of Rights</u>

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other right with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-

incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement is without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

### Factual basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove those facts beyond a reasonable doubt:

On or about January 21, 2023, in the District of Arizona, I had knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: Smuggling Goods from the United States in violation of Title 18, United States Code, Section 554(a). I concealed my knowledge and did not, as soon as possible, make known the same to some judge or other person in civil or military authority under the United States.

Specifically, on January 21, 2023, I attempted to smuggle a rifle, a magazine, and 2,002 rounds of ammunition from the United States and enter the Republic of Mexico through the Lukeville Port of Entry in Lukeville, Arizona. At the time I attempted to leave the United States, I had knowledge of a location that was being utilized to store weapons and ammunition. I knew the weapons and ammunition were then going to be smuggled from the United States into Mexico. When I attempted to exit the United States and enter the Republic of Mexico, and prior to my arrest, I did not notify any law enforcement officers regarding my knowledge of that location.

Therefore, on January 21, 2023, I had knowledge that the crime of Smuggling Goods from the United States, in violation of Title 18, United States Code, Section 554(a), a felony cognizable by a court of the United States, had been committed. Because I did not as soon as possible make known the commission of that offense to some judge or other person in civil or military authority under the United States, and I took steps to conceal my knowledge, in violation of U.S. Code Section 4, I committed the offense of Misprision of a Felony.

4/2/25
Date

Hugo Acosta-Osorio
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances,

promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

4/2/25
Date

Elena M. Kay, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
~~RACHEL C. HERNANDEZ~~
~~Acting~~ United States Attorney
District of Arizona

4/2/25
Date

NATHANIEL J. WALTERS
Assistant U.S. Attorney

- 7 -