JON M. SANDS
Federal Public Defender
Elena M. Kay
AZ Bar No. 026391
Assistant Federal Public Defender
407 W. Congress St, Suite 501
Tucson, Arizona 85701
(520) 879-7500
Elena_m_Kay@fd.org
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-23-02118-RM-1 |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | |
| Hugo Acosta-Osorio, | |
| Defendant. | |

The defendant, Hugo Acosta-Osorio, through undersigned counsel, respectfully provides

the Court with the attached sentencing memorandum.  This memorandum is offered pursuant to

18 USC 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).

Respectfully submitted:      May 9, 2025.

JON M. SANDS
Federal Public Defender

 *s/Elena M. Kay*
ELENA M. KAY
Assistant Federal Public Defender

## __SENTENCING MEMORANDUM__

On June 11, 2025, Hugo Acosta-Osorio will appear before this Court for sentencing, having pled guilty to an information charging him with misprison of a felony.  Under the terms of the plea agreement in this case, Mr. Acosta-Osorio should receive a sentence of time served.  The plea agreement contains no stipulations regarding whether a term of supervision should follow.

Based on Mr. Acosta-Osorio's plea agreement and history, the pre-sentence report (PSR) recommends a sentence of 3 years' probation, as well as a $1,000 fine.

Because the plea agreement stipulates to a sentence of time served, however, the Court would need to reject the plea agreement in order to impose the recommended probation sentence.  *See* 18 U.S.C. 3561(a)(3) (the imposition of a sentence of probation is prohibited where the defendant is sentenced at the same time to a sentence of imprisonment for the same or a different offense).  For the following reasons, Mr. Acosta-Osorio asks the Court to accept his negotiated plea agreement and to sentence him to time served, followed by no additional supervision.  In addition, he asks the Court not to impose the fine recommended in the PSR.

**I.     The negotiated plea agreement is appropriate in this case and should be accepted**

In December 2023, Hugo Acosta-Osorio was charged with smuggling goods from the United States and felony receipt of a firearm.  These charges stemmed from an incident at the port of entry almost a year prior.  Even though law enforcement knew where Mr. Acosta-Osorio lived and he did not change his address, he was not arrested on these charges until December of 2024 – a year after indictment and almost two years after the original offense conduct.

Due to both pre-indictment and post-indictment delay issues, as well as other legal issues present in the case, the parties negotiated a plea agreement to one count of misprison of a felony.  The plea agreement also contained a stipulated time served sentence.  This sentence is

appropriate because of the legal issues present in the case, but also in light of numerous 18 U.S.C. 3553(a) factors.

As noted in the PSR, Mr. Acosta-Osorio was born in Tucson, Arizona. Mr. Acosta-Osorio primarily lived in Mexico with his parents and other family members until the age of 10. Mr. Acosta-Osorio's mother, Patricia, was involved in his life and did her best to raise him and his brother with help from family members. Although Patricia was married to Mr. Acosta-Osorio's father, Blas, Blas was uninvolved with the family and eventually divorced Patricia when Mr. Acosta-Osorio was 14. Blas and Mr. Acosta-Osorio currently do not have a relationship and have not spoken in several years.

As Mr. Acosta-Osorio got older, his mother sent him to school across the US-Mexico border in Ajo, Arizona. Sometimes, Mr. Acosta-Osorio would sleep in Ajo with his great grandmother. Other times, he would live in Mexico with his mother but cross the border every morning on his own to get to class. Mr. Acosta-Osorio graduated from high school in Ajo, Arizona and furthered his education at Northern Arizona University. He is proud of the degree he received in justice studies and is sad that his choices in this case will impact his ability to pursue a career in that field.

Mr. Acosta-Osorio is in a long-term relationship with his partner, Jasmine, and the couple has two children together – Hugo Jr. (age 4) and Noah (age 1). Jasmine is a stay-at-home mother and takes care of the children while Mr. Acosta-Osorio is the sole financial support for the family. Both Mr. Acosta-Osorio and Jasmine are extremely grateful for the time served plea because it ensures that he is able to continue supporting his family. If Mr. Acosta-Osorio were to be incarcerated, Jasmine and the boys would be forced to move to Mexico where they have family support.

The plea, and stipulated sentence, is not only appropriate in light of Mr. Acosta-Osorio's family responsibilities but also in light of his lack of any criminal history and full acceptance of responsibility. The PSR is clear that this case is Mr. Acosta-Osorio's first criminal offense. He fully accepts responsibility for his actions in this case and has accepted responsibility since his arrest. Mr. Acosta-Osorio has also performed extremely well on pretrial release in an effort to show the Court that he understands the gravity of his actions and to demonstrate that this first offense will also be his last.

**II.    Because the plea agreement provides for a "time served" sentence, if the Court accepts the agreement, it cannot sentence Mr. Acosta-Osorio to probation**

As explained above, the parties in this case negotiated a time-served plea agreement for various reasons. While probation on one hand agrees that no additional time in custody is appropriate in this case, it also recommends a 3-year probation term which is not permitted by law if the plea agreement is accepted.

If this Court accepts the plea agreement, which stipulates that Mr. Acosta-Osorio receive a time served sentence, Mr. Acosta-Osorio's sentence would be a sentence of 7 days in custody–the time that Mr. Acosta-Osorio spent at CCA prior to being released on pretrial supervision. 18 U.S.C. 3561(a)(3) provides that a sentence of probation is prohibited if a defendant was also sentenced to time in custody on the same case. Because Mr. Acosta-Carrillo's plea provides for a sentence of 7 days in custody, the statute prohibits a probationary sentence to follow and the Court should not impose one. *See also United States v. Castro-Verdugo*, 750 F.3d 1065, 1068 (9th Cir. 2014).

**III.    Under the terms of the plea agreement, this Court may sentence Mr. Acosta-Osorio to time served followed by a maximum of one year of supervised release; because Mr. Acosta-Osorio has spent almost 6 months on pretrial release and has done exceptionally well, however, no additional term of supervision is necessary**

The plea agreement negotiated in this case stipulates to a sentence of time served but is silent on whether a supervised release term should follow.  According to the PSR, if a supervised release term is imposed, it can be for up to one year maximum.

Recently, the United States Sentencing Commission proposed new amendments, with an effective date of November 1, 2025, to the sentencing guidelines regarding the imposition of supervised release.  While the promulgated Amendments were proposed for many reasons, one was in order to "respond to widespread concern that supervised release often is ordered reflexively, potentially diverting supervision resources from individuals who most need them." *See* USSC, Proposed Amendment to § 5D1.1, p. 32, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202505_Amendments.pdf (Apr. 30, 2025) In addition, the amendments add commentary "emphasizing that supervised release is intended to ease a defendant's transition into the community, provide needed rehabilitation, and promote public safety" and "highlights the importance of conducting an individualized assessment to determine whether a defendant needs supervision" at all.  *Id.*

An individualized assessment of Mr. Acosta-Osorio's circumstances demonstrates that supervised release is not necessary.  Mr. Acosta-Osorio was arrested in this case on December 13, 2024.  At the time he is sentenced, two years will have passed since Mr. Acosta-Osorio committed this offense and Mr. Acosta-Osorio will have spent almost 6 months on pretrial release, which is very similar to supervised release.  Mr. Acosta-Osorio had no criminal issues at all between the time he committed this offense and his arrest.  In addition, Mr. Acosta-Osorio has done exceptionally well on pretrial supervision, maintained contact with his pretrial officer,

maintained a job, and supported his family.[1]  He also does not struggle with drug or alcohol abuse and there is no information showing that Mr. Acosta-Osorio has had any issues whatsoever with the terms of his release.  Mr. Acosta-Osorio's performance on pretrial release shows that no additional supervision is necessary because Mr. Acosta-Osorio has no additional needs that supervision can address.  In addition, Mr. Acosta-Osorio is working on developing a hat business where he will need to travel out of state.  Supervised release will make travel more difficult.

### IV.    The Court should not impose a fine in this case

On page 14 of the PSR, probation writes that a $1,000 fine is recommended in this case because "[t]he defendant does have the ability to pay."  (PSR p. 14)

Pursuant to USSG 5E1.2, a court may waive a fine if a defendant establishes that he is not likely to be able to pay all or part of a fine, even with a reasonable installment plan or that the imposition of a fine would unduly burden the defendant's dependents.  "[T]he fact that a defendant is represented by . . . assigned counsel [is a] *significant indicator*[] of present inability to pay any fine."  USSG 5E1.2, cmt. n.(3) (emphasis added).  Representation by assigned counsel may also indicate that a "defendant is not likely to become able to pay any fine" in the future.  *Id*.

Here, Mr. Acosta-Osorio is represented by the Federal Public Defender's office.  Although Mr. Acosta-Osorio is employed, he works two jobs to support himself, his partner, and their two children.  Prior to this case, Mr. Acosta-Osorio worked as a superintendent for Cox Communications but was demoted because of his arrest.  According to the PSR, Mr. Acosta-

---

[1] The PSR mentions that on April 1, 2025, Mr. Acosta-Osorio was convicted of misdemeanor failure to obey a police officer.  While a misdemeanor crime, this conviction receives no criminal history points.  In addition, the underlying conduct did not involve Mr. Acosta-Osorio willfully disobeying police.  Rather, he was driving on a Peoria freeway and maneuvered his work truck around a police barricade.

Osorio earns approximately $5,973 dollars a month and has approximately $4,545 dollars in expenses. The PSR also acknowledges that Mr. Acosta-Osorio appears to live within his means.

Nevertheless, the PSR notes that Mr. Acosta-Osorio should pay a fine because he has a small positive monthly cash flow.  This analysis, however, does not include the fact that Mr. Acosta-Osorio's listed expenses do not include any retirement or savings contributions – something that should be encouraged in order to allow Mr. Acosta-Osorio to build an emergency fund and ensure he has a safety net in the future.  In addition, Mr. Acosta-Osorio's monthly food and supply expenses are listed at $600 – extraordinarily low in today's prices for a family of four that includes two growing boys.

Moreover, even if Mr. Acosta-Osorio did have the ability to pay a fine, the imposition of one would still burden his dependents.  His two young children are future community members and will be the beneficiaries of Mr. Acosta-Osorio's lifetime of work.  The PSR does not note any substantial assets apart from one vehicle and a small 401K savings account.  This case, and the fact that he is now a felon, will forever impact Mr. Acosta-Osorio's ability to earn money and provide for his partner and children.  The imposition of a fine would burden Mr. Acosta-Osorio's family more.

V.      Conclusion

Hugo Acosta-Osorio committed a serious crime.  He has accepted responsibility for his actions since the day of his arrest, and continues to be remorseful today. In order to convey this remorse, Mr. Acosta-Osorio has done everything in his power while on pretrial release to show the Court, and his family, that he will never do something like this again.

For all of the reasons above, Mr. Acosta-Osorio asks this Court to accept his plea agreement and sentence him to the stipulated sentence of time served.  He also requests that the Court decline to impose a supervised release term or a fine in this case.

Respectfully submitted:

May 9, 2025.

JON M. SANDS
Federal Public Defender

_s/Elena M. Kay_
ELENA M. KAY
Assistant Federal Public Defender